IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DIANA LYNN ROSS-SCHOENFELDT                                                        PLAINTIFF

vs.                             Civil No. 6:08-cv-06028

MICHAEL J. ASTRUE                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Diana Lynn Ross-Schoenfeldt ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her applications for DIB, SSI, and a period of disability on March 14, 2005 (Tr. 13, 54-56, 118-121).  In these applications, Plaintiff alleged she was disabled due to carpal tunnel syndrome.  (Tr. 59).  At the administrative hearing on January 24, 2007, Plaintiff also

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

alleged she was disabled due to rheumatoid arthritis in her wrists, knuckles, both knees, and both feet; asthma; anemia; Hepatitis; and silicone poisoning. (Tr. 141-153). Plaintiff alleged an onset date of December 31, 2004. (Tr. 13, 54, 118). This application was initially denied on June 16, 2005 and was denied again on reconsideration on September 20, 2005. (Tr. 33-36).

On December 1, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 38). This hearing was held on January 24, 2007 in Hot Springs, Arkansas. (Tr. 127-173). Plaintiff was present and was represented by counsel, Kimberly Steward, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Mark Welch testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had obtained her G.E.D. *See id.*

On November 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 13-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 30, 2010. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 31, 2004, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: rheumatoid arthritis and asthma. (Tr. 15-16, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-19, Finding 5). First, the ALJ thoroughly evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her

2

claimed limitations were not totally credible. *See id.* Second, the ALJ determined that, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds the claimant has residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day; and stand/walk 6 hours in an 8 hour day. She is restricted from work involving excessive dust, fumes, humidity, temperature extremes, and other pulmonary irritants. The claimant experiences moderate limitation concerning her ability to grip and grasp.

*See id.*

The ALJ then determined that, considering her RFC, Plaintiff retained the ability to perform her Past Relevant Work ("PRW"). (Tr. 19, Finding 6). The ALJ determined this PRW included work as a convenience store cashier, night clerk, emergency operator, rental clerk, and case worker. *See id.* Thereafter, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 31, 2004 through the date of the ALJ's decision or through November 28, 2007. (Tr. 19, Finding 7).

On December 27, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 6-7). *See* 20 C.F.R. § 404.968. On March 13, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On March 24, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 3, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred in the three ways: (A) by finding her impairments did not meet the requirements of the Listings; (B) by improperly evaluating her allegations of pain; and (C) by finding she retained the RFC to perform her PRW.[2] (Doc. No. 7, Pages 4-14). In response, Defendant argues that Plaintiff did not carry her burden of demonstrating she satisfied the requirements of one of the Listings, that the ALJ properly discredited Plaintiff's subjective complaints and properly assessed her RFC, and that the ALJ properly determined Plaintiff retained the RFC to return to her PRW. (Doc. No. 8, Pages 4-11). Because this Court finds the ALJ erred by failing to fully and fairly evaluate Plaintiff's medical records from Dr. Jeffery Bearden, M.D., this case must be reversed and remanded.

---

[2] Plaintiff also argues the ALJ erred by relying upon the Grids instead of relying upon the testimony of a VE. (Doc. No. 7, Pages 12-13). However, at the administrative hearing on January 24, 2007, the ALJ heard testimony from Mark Welch, a vocational expert, and relied upon that testimony in finding Plaintiff could perform her PRW. (Tr. 19, Finding 6). Accordingly, because the ALJ *did rely* upon the testimony of the VE, this Court will not address Plaintiff's claim that the ALJ did not rely upon the testimony of a VE.

The administrative hearing in this case was held on January 24, 2007. (Tr. 127-173). During this hearing, counsel for Plaintiff notified the ALJ that Plaintiff had an appointment with Dr. Bearden on the previous Monday. (Tr. 129-130). Counsel notified the ALJ that the medical records from Dr. Bearden from that appointment could assist the ALJ in determining whether Plaintiff was disabled. *See id.* In response to this statement by Plaintiff's counsel, the ALJ notified Plaintiff that he would keep the record open for an additional thirty days in order to consider and to incorporate those records from Dr. Bearden. *See id.* On July 30, 2007, the SSA received the one-paged record from Dr. Bearden from the appointment dated January 22, 2007 and included it in the transcript.[3] (Tr. 112). Approximately four months later, on November 28, 2007, the ALJ entered his decision denying Plaintiff's request for disability benefits. (Tr. 13-20).

This record dated January 22, 2007 from Dr. Bearden was entitled "Office Note" and stated the following:

> The patient presents to the clinic today with rheumatoid arthritis and also some depression. She needs something for her hands. They have not been x-rayed. ***The right and left hands were x-rayed today showing on the right hand especially the MCP joint is pretty much obliterated with a rheumatoid degenerative changes.***

(Tr. 112) (emphasis added). Despite this serious diagnosis and despite the fact that this record was included in the transcript, the ALJ did not even address this record in his opinion and collectively discounted all the records from Dr. Bearden in light of other medical records dated from 2005. Based upon this Court's reading of the ALJ's opinion, it appears that even though this record was included in the transcript, the ALJ did not even consider this record in evaluating Plaintiff's alleged

---

[3] It is unclear why there was a delay in obtaining the records and why the records were submitted after the thirty-day time-period that the record was to be kept open. However, regardless of the reason for the delay, the ALJ accepted those records, marked them as an exhibit, and made them a part of the transcript. Therefore, the ALJ was required to consider those records.

6

disability.

Furthermore, because of the nature of this record and the fact that it indicates Plaintiff is disabled, the ALJ should have given a reason for discounting this record.  This is especially true since the record came from Plaintiff's treating physician.  *See* 20 C.F.R. § 404.1527(d)(2) (noting that the SSA generally gives more weight to the opinions of a claimant's treating sources).  At the very least, if the ALJ found this record was unclear, ambiguous, or inconclusive, the ALJ should have re-contacted Dr. Bearden.  20 C.F.R. § 404.1512(e) (requiring the ALJ to re-contact the claimant's treating physician or psychologist or other medical source where the information the SSA receives from that source is inadequate to determine whether the claimant is disabled).  On remand, the ALJ should more fully consider this record, re-contact Dr. Bearden (if necessary), and further consider Listing 1.02 ("Major dysfunction of a joint(s) (due to any cause)").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of May, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE